UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **POWER SURVEY LLC,** | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 13-5670 (FSH) |
| v. | : | |
| **PREMIER UTILITY SERVICES LLC et al.,** | : | |
| Defendants. | : | **PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on May 8, 2014; and for the reasons set forth on the record; and for good cause shown:

**IT IS** on this 8th day of May 2014,

**ORDERED THAT:**

### I. DISCLOSURES

1. The parties have exchanged disclosures pursuant to Fed. R. Civ. P. 26.

### II. DISCOVERY

2. Fact discovery is to remain open through **January 12, 2015**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. The parties may serve interrogatories limited to **twenty-five (25)** single questions and requests for production of documents and requests to admit on or before **May 29, 2014,** to be responded to **within thirty (30) days of receipt**.

4. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **January 12, 2015.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 30(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

5.  Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention.  See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1).  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.   No further submissions regarding the dispute may be submitted without leave of Court.   If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than **November 8, 2014.   The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date**.  If an unresolved dispute arises at a deposition, the parties must contact the Chambers of the Undersigned for assistance during the deposition, before adjourning the deposition.

6.  No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

### III.   DISCOVERY CONFIDENTIALITY ORDERS

7.  Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3.  See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995).   The parties shall submit a proposed discovery confidentiality order to the Court on or before **, 2013.**  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."   The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.   Any such order must be clearly designated **"Discovery Confidentiality Order."** See L. Civ. R. 5.3.

### IV.   PATENT-RELATED TASKS

8.  The plaintiff shall disclose its asserted claims and infringement contentions pursuant to L. Pat. R. 3.1 and 3.2 no later than **May 22, 2014.**

9.  The defendants shall provide their invalidity contentions and non-infringement contentions pursuant to L. Pat. R. 3.2A, 3.3, and 3.4 no later than **July 7, 2014.**

10.  The parties shall identify the claim terms to be construed under L. Pat. R. 4.1 no later than **July 21, 2014.**

11. Plaintiffs' request to enter an order "focusing patent claims and prior art," see Proposed Order, Apr. 25, 2014, ECF No. 67-2, is denied.

12. The parties shall exchange their preliminary claim constructions and extrinsic evidence no later than **August 11, 2014.**

13. The parties shall file their joint claim construction and prehearing statement pursuant to L. Pat. R. 4.3 no later than **September 10, 2014.**

14. The parties shall file their claim-construction submissions pursuant to L. Pat. R. 4.5(a) by **November 24, 2014.**

15. Pursuant to L. Pat. R. 4.5(b), any expert discovery related to opening Markman submissions shall be completed on or before **December 24, 2014**.

16. Pursuant to L. Pat. R. 4.5(c), the parties shall contemporaneously file and serve responsive Markman briefs and any evidence supporting claim construction, including any responding experts' certifications or declarations, on or before **January 24, 2015.**

17. Pursuant to L. Pat. R. 4.6, the parties shall jointly submit a proposed schedule for a Markman hearing on or before **March 10, 2015.**

## V. FUTURE CONFERENCES

18. There shall be a telephone status conference before the Undersigned on **July 22, 2014, at 10:00 a.m.** Plaintiff will kindly initiate the telephone call.

19. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

20. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

21. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

22. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## VI.   MOTIONS

23. Any motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **July 31, 2014.**

24. <u>No motions are to be filed without prior written permission from this Court.</u>   All dispositive motions must first be subject to a dispositive motion pre-hearing.   Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met.   All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1, 7.2, and 78.1.

25. Dispositive motions, if any, are to be filed by **May 21, 2015.**

## VII.   EXPERTS

26. All affirmative expert reports shall be delivered by **February 13, 2015.**   Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

27. All responding expert reports shall be delivered by **March 26, 2015**.   Any such report shall be in the form and content as described above.

28. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

29. Expert discovery shall be completed by **April 20, 2015.**

## VIII.   FINAL PRETRIAL CONFERENCE

30. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **May 29, 2015, at 10:00 a.m.**   The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

31. <u>Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.   Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

32. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.   Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

33.     With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

34.     The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the undersigned no later than **May 28, 2015.**  All counsel are responsible for the timely submission of the Order.

35.     **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**